IN
THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| RACHAEL M. STEVENSON, )<br>)<br>Plaintiff, )<br>) Case No._____<br>v. )<br>)<br>GALAX TREATMENT CENTER, LLC )<br>aka: ACADIA CRC HEALTH CARE )<br>)<br>Serve: C T CORPORATION )<br>4701 Cox Road Ste 285 )<br>Glen Allen, VA 23060-0000 )<br>)<br>Defendant. ) | |

COMPLAINT

COMES NOW the plaintiff, RACHAEL M. STEVENSON ("Stevenson" or "Plaintiff), and for her Complaint states as follows:

1. This action arises under federal law, particularly Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e, *et seq.*, jurisdiction being conferred thereby.

2. Plaintiff is a resident and domiciliary of Pounding Mill, Virginia.

3. The unlawful employment practices and all acts alleged herein were committed at, in connection with, referencing or otherwise pertaining to business functions and/or their aftermath.

4. Defendant has more than fifteen employees.

5. Plaintiff began employment with Galax Treatment Center, LLC ("Galax" or "Defendant") on or about April 27, 2015, as a Business Office Administrator. Prior to her employment with

Defendant, Plaintiff was friends with Director.

6. Plaintiff was discharged on or about November 21, 2016.

7. Beginning in September 2015 and throughout her employment, she was sexually harassed by her Director and her husband. This same month, during an out-of-town conference, Plaintiff was invited to her Director's hotel room for drinks and to watch television. Director and her husband proceeded to have oral sex in the presence of Plaintiff and then attempted to remove Plaintiff's clothing.

8. On February 18, 2016, the Director sent Plaintiff a text inviting her to participate in the same sexual activities of which Director had requested Plaintiff participate in September 2015. Plaintiff declined.

9. At no time did Plaintiff engage in sexual activity with the Director or her husband.

10. From February 2016, for many months, Plaintiff received many nasty and harassing text messages from the Director's phone, often late at night. On multiple occasions, Plaintiff had to leave work, using her vacation or sick time, because the text messages and continued harassment were so upsetting to her. On at least one occasion, Plaintiff actually texted back, advising that it was harassment and that she could not continue to work under these circumstances.

11. When it became apparent that Plaintiff would not reconsider the sexual offers of the Director and her husband, she suffered retaliation. For example, any issues/concerns Plaintiff had at work an d about which she had advised the Director, were ignored. She had problems being able to take lunch; on several occasions, her paycheck was short. The Director advised Plaintiff, pursuant to her complaints that HR Corporate would not help her so that it would not be worthwhile to contact them.

12. Other co-workers supported the Director by also harassing Plaintiff. One was the Counselor Supervisor, Cindy Carty, who began berating Plaintiff verbally and within earshot of other employees; for example, she admonished Plaintiff for allegedly not having sufficient knowledge of how to perform certain duties, even while fully realizing she was not even referring to Plaintiff's job duties, but those of another employee.

13. On November 18, 2016, after being publicly berated by Ms. Carty, Plaintiff texted the Director, advising her that if Plaintiff was going to be treated this way, she was going to leave for the day and let Ms. Carty complete those duties. After reconsidering, Plaintiff decided to finish her shift. The Director never responded to Plaintiff's text.

14. On November 20, 2016, Plaintiff texted the Director to inquire as to when she was next scheduled to work. The Director responded by falsely stating that Plaintiff had resigned. When Plaintiff corrected her, stating she had not resigned, Director ordered Plaintiff to come to work the next morning, at which time Plaintiff was advised Defendant would accept her "resignation."

15. The acts described in Paragraphs 9-13 constitute retaliation against Plaintiff in violation of Title VII for having rejected Defendant's numerous sexual advances and harassing conduct.

16. The above-described acts of discrimination by Defendant against plaintiff were intentional, willful and wanton, and with full knowledge that its acts were in direct violation of the applicable laws against said discrimination, thereby entitling plaintiff to punitive damages.

17. Plaintiff filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about December 26, 2016. She received her Right to Sue letter from the U.S. Department of Justice on or about November 13, 2016. (Exhibit).

18. The actions of defendant have proximately resulted in significant lost wages and severe

emotional distress to plaintiff.

WHEREFORE, plaintiff prays that the Court award plaintiff:

1. Three Hundred Thousand Dollars ($300,000.00) as back wages, and damages for emotional distress;

2. Front-pay for such amount of time as the Court deems appropriate;

3. Reasonable attorney's fees and costs expended herein;

4. Such other and different relief as may be deemed appropriate under the circumstances of this case.

                RACHAEL M. STEVENSON
                By Counsel

    S/ Hilary K. Johnson
HILARY K. JOHNSON, P.C.
316 West Valley Street
Abingdon, VA 24210
(276) 619-3740
fax - (276) 619-3742
VSB No. 20345

## JURY TRIAL DEMAND

A jury trial is demanded in this matter.